**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**CASE NO.:**

**DAVID MENDEZ,**
**an Individual**

       **Plaintiff,**

**v.**

**LEWIS ENVIRONMENTAL, LLC,**
**a Foreign Limited Liability Company,**

       **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## WITH INJUNCTIVE AND DECLARATIVE RELIEF REQUESTED

Plaintiff, **DAVID MENDEZ** ("Plaintiff"), by and through his undersigned

counsel, files this Complaint against Defendant, **LEWIS ENVIRONMENTAL,**

**LLC** ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant the Americans with Disabilities

Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights

Act ("FCRA") to recover from Defendant back pay, other monetary damages,

equitable relief, front pay, declaratory relief, compensatory damages, punitive

damages, and reasonable attorneys' fees and costs.

## JURISDICTION & VENUE

2.      This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq.*

3.      This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his ADA claims.

4.      At all times relevant hereto, Plaintiff was an employee of Defendant.

5.      Plaintiff was hired to work for Defendant in Orange County, Florida, and this venue is therefore proper.

6.      Defendant is a Foreign Limited Liability Company that is located and does business in Orange County, Florida, and is therefore within the jurisdiction of the Court.

7.      At all times material, Plaintiff was protected by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled" potential employee who suffered discrimination because of his disability or "perceived disability" by Defendant.

8.      Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

9.      On or around the middle of March, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission

2

("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

10. More than 180 days have passed since the filing of the Charge of Discrimination.

11. On or around September 19, 2025, the FCHR issued a Determination of Reasonable Cause against Defendant.

12. On or around October 29, 2025, the FCHR issued a Notice of Dismissal for conciliation failure, giving Plaintiff the right to bring a civil action on his state claims within one year of his receipt of the same.

13. On or around January 22, 2025, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his federal claims within 90 days of his receipt of the same.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant.

15. All conditions precedent to this action have been satisfied and/or waived.

## **FACTUAL ALLEGATIONS**

16. On February 17, 2025, Defendant sent Plaintiff a conditional offer of employment for the position of Emergency Response Specialist in Defendant's Orlando, FL service center, conditioned upon satisfactorily completing a

background check, drug screening, previous employee reference checks, a medical exam, and issued of a Department of Transportation ("DOT") certification.

17. Plaintiff successfully completed the background check, medical exam, employer reference checks, and drug screening.

18. During the medical exam, the DOT medical examiner informed Plaintiff that she was signing off on the paper work, but ordered a sleep study to investigate for possible sleep apnea.

19. The medical examiner assured Plaintiff that such diagnosis, if substantiated, would not be an issue, as Plaintiff would merely have to use a CPAP machine (a machine used to treat sleep apnea) and demonstrate compliance with same.

20. Due to this determination, the DOT medical examiner issued a DOT certification for 90 days, pending a sleep study being performed.

21. However, such certification was sufficient to work DOT related careers, and the outcome of the sleep study would not affect the further issuance of a longer term DOT certification.

22. The 90 day medical certification was so Plaintiff could begin performing his job while taking time to set up a sleep study appointment.

23. On March 6, 2025, Plaintiff called Defendant's Executive Assistant, Mara Tammaro ("Ms. Tammaro"), to notify Defendant that his physical had been

completed, and he had been issued a 90 day DOT certification pending the scheduling of a sleep study exam.

24.    During this conversation, Ms. Tammaro confirmed that "everything looked good," but the sleep study requirement would need to be reviewed by Defendant's Health & Safety department.

25.    Ms. Tammaro further advised Plaintiff to start looking for and scheduling a sleep study test.

26.    The same day, March 6, 2025, Plaintiff ordered an at-home DOT approved sleep study test, in accordance with Ms. Tammaro's and the DOT's instructions.

27.    The very next day, on March 7, 2025, Plaintiff received an email from Defendant's Human Resources Assistant Cole Whitton, notifying Plaintiff that, "after speaking with Health & Safety," Defendant had decided to withdraw Plaintiff's offer of employment.

28.    It is clear that Plaintiff's perceived disability was seen as problematic to ABRV managers, and they believed the solution was to simply force him out.

29.    Any other reason theorized by Defendant is mere pretext.

30.    Plaintiff is an individual with a disability or perceived disability who, with or without reasonable accommodation, was fully capable of performing the essential functions of his job.

31. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability/perceived disability.

32. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

33. The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA/FCRA.

34. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation perfectly clean.

35. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.

36. Therefore, he is protected class member as envisioned by the ADA and the FCRA.

37. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

38. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA and FCRA were intended to prevent.

39. Defendant did not have a good faith basis for its actions.

40. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

41. Defendant failed to engage in the interactive process to see if Plaintiff could be accommodated.

42. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

43. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

44. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA FAILURE TO HIRE/ACCOMMODATE DISCRIMINATION

45. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 44, above.

46. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

47. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

48. Defendant withdrew its employment offer to Plaintiff based upon his disability or "perceived disability."

49.    Defendant failed to engage in the interactive process with Plaintiff to see if Plaintiff could perform the position with or without reasonable accommodations.

50.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

51.    Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

52.    The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

53.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

54.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as

his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT II: DISABILITY DISCRIMINATION UNDER THE FCRA FAILURE TO HIRE/ACCOMMODATE DISCRIMINATION

55.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 44, above.

56.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

57.     The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

58.     Defendant withdrew its employment offer to Plaintiff based upon his disability or "perceived disability."

59.     Defendant failed to engage in the interactive process with Plaintiff to see if Plaintiff could perform the position with or without reasonable accommodations.

60.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

61.    Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

62.    The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

63.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

64.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

*(Remainder of page left intentionally blank)*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 26th day of January, 2026.

Respectfully Submitted,

**By: */s/ Noah Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
    RICHARD CELLER LEGAL, P.A.
7951 SW 6th Street, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com